All right, I guess we're ready to roll. So this is a case in the matter of the application of the County Treasurer of Cook County, Illinois, Petitioner New Line Holdings LLC v. Roy Bardell in its case 120-206-70. You have before you Justice Mary Ellen Coghlan, Justice Aurelia Puchinsky and Justice James Fitzgerald-Smith. Our basic procedure is to let the appellant go first and try to complete their argument without any interruptions from us. And then we'll ask questions and then allow the appellee to do the same. And then the conclusion. If you stray off and into unusual facts or repetitive, we'll probably interrupt you and suggest that you move on. So with that in mind, I don't know how much of the facts, but I'd limit them. I think we've all read the briefs, so you may proceed. Thank you. May it please the Court, Brian Hughes on behalf of the appellant. This case is before the Court on the trial court's denial of New Line Holdings' application for an order directing the issuance of a tax deed and the granting of the strict compliance objections of the appellee, Roy Bardwell. At the onset of this matter, I will note that the case law is unequivocal that the trial court in this matter obtained jurisdiction over this proceeding based upon the in-rem nature of the tax case. That's PJJ Investments, LLC versus Neldava, 2023, ILAP 1st 220702023. The parties litigated the strict compliance objections that were first filed by the appellee back on August 3rd of 2021. Following briefing and arguments on the same, the trial court issued its final ruling on May 3rd of 2022, sustaining the objections and denying New Line's application for a tax deed. The issues presented to the reviewing court are questions of the trial court's interpretation of the applicable statutes. Appellant contends, therefore, that the standard of review in this matter is de novo. Now, four issues are presented for appeal today. The first three relate to the appellant's extension of the statutory period of redemption under the Illinois Property Tax Code, and it's amended petition for the same. And the fourth issue is based upon the trial court's determination that the appellant failed to obtain a copy of a will, in this case, which had not been submitted to probate, in order to ascertain and serve parties who protest a potential interest in the property. Appellants shall address each of these issues individually. The first issue presented on appeal is the court's sustaining of the appellee's objection based upon New Line's extension of the period of redemption brought under Section 21-385 of the Illinois Property Tax Code, and the subsequent amendment to the petition for a tax deed, and the take notices that went out thereafter under 10-2225 of the tax code. New Line contends that the case law supports that the requirements to extend redemption under 21-385 of the property tax code require substantial and not strict compliance provisions of the property tax code. That was WOLF 204 LAP 2nd 140223. Further, the requirement to seek court approval, as appellees argued in their brief, does not apply in the present case as the extended period of redemption on file with the county clerk had not yet expired when the appellant's extension was placed with the clerk, thus extending the redemption date from what was November 12th of 2020 to March 10th of 2021. The second issue presented for appeal is whether the trial court correctly interpreted Section 21-385 of the property tax code when it denied appellant's petition to deem its September 20th, 2020 amended petition timely, as well as the extension of the statutory period, as I said, to March 10th of 2021. Appellant contends that Section 21-385 prescribes a time when the appellant should apply to extend the statutory redemption period. There's, in fact, no requirement to amend a petition for a tax deed, save for the fact that the petition filed under 2230 of the code requires the identification of the date upon which a statutory redemption period will expire. The petition itself is purely a supplemental proceeding, or supplemental filing, rather, brought after the court obtained the in-rem jurisdiction over this matter through the county collector's application in the annual tax sale, which in the present case was the annual 2016 tax sale held in May of 2018. The trial court denied the request to amend and extend brought by the appellant, stating the granting of the motion would somehow render other provisions of Section 21-385 meaningless and superfluous. That's R.O.P. 49, but failed to expound upon the same. There's no legal authority for the position that one must apply to extend the redemption date if redemption at that time had not yet lapsed. 21-385 simply mandates that upon application, the court shall allow an extension. As the trial court misapplied Section 21-385, appellant contends the reversal of the May 3rd, 2022 ruling based upon that is warranted. Third issue presented on appeal is whether the trial court failed to properly apply relation back doctrine under the Code of Civil Procedure at 735 ILCS 2-616B when reviewing the appellant's motion to deem its extension and amended petition for tax deed, which was filed on September 25th of 2020 as timely. Trial court did not address the relation back doctrine at all, and instead focused on its determination, isolated reading of 21-385. Based upon the court's failing to analyze the statute in any fashion, trial court's review, or rather the reviewing court's review, rather, is de novo. And then the fourth issue as presented on appeal is whether the trial court failed to determine that a successor executor of the will of its issue in this case was a necessary party to a tax deed proceeding. Trial court resolved that because the will reportedly from the deceased prior owner was filed with the county clerk, or sorry, the circuit clerk, rather, that the appellant had a duty to look, and I quote, look beyond its inquiry into the owner of record. The trial court, however, failed to recognize or even acknowledge the controlling case law cited by the appellant. Regarding interested parties and the fact that a will, which is at issue in this case, when it's not submitted to probate, which the parties agree in this case it was not, renders the interest of anyone identified by that will as not possessing actual interest. Case law on this issue has, as noted by the appellant, focused on the interest of parties established through a probate proceeding. There's no case law regarding the interest of an individual identified simply in a will absent submission of that will to probate. Sorry. Which the parties agree in this case, again, that it had not been. Case law on this issue also notes the appellant. Sorry. Sorry. Case law is clear, rather, that whether or not it's submitted to probate is what actually vests an interest in a party. Now, the trial court resolved that simply because the will existed, it needed to be obtained. And the position is that that ruling, without granting the extension and the discovery that was sought by New Line in this case, was against the manifest weight of the evidence at that time. I'm happy to address any questions the court may have. I have a question. So, it requires that the tax buyer check out a lot of information, including public information. And when you check the clerk of the court's website under Charlene Bradwell, you find that there was a will that was filed. Not an easy click to find that out. It takes about a second. So, it's a public information. It's a document that's in a public website. And it would have been pretty easy to find out that it was in a public website, and it would have been easy for a tax buyer who's familiar with this process and got people to do running around to go get a copy of that will. So, you're trying to tell us that it's only important if it was admitted to probate. But I don't think that's what the statute says. The statute says public information. And this was public information, wasn't it? So, that's actually a question the court did not ask at the time. When the court made its determination, it based it upon the fact that when the objection was filed in August of 2021, a screenshot of the circuit clerk's website showing that a will had been filed was present. The court never asked the question of whether or not during the notice-serving period or when the due diligence was conducted by Newline, whether or not Newline searched the public record. That would be a basis for an evidentiary hearing. It's a great question. But the court never got to that point. It simply said, oh, here's an objection that shows a file date of a will. You, therefore, had to go obtain the same. Well, the statute says public information. You don't deny that it was public information, that a will existed? I do not deny that when counsel provided in their objection on August 3rd, that that time. That was not my question. My question was, you've said that you did an accurate search. And perhaps for the benefit of my colleagues, you would describe what an accurate search is. So what an accurate search is, it's a regularly fully recognized research tool. It essentially takes data points that are input. It's fully secured. It's backed by credit reporting agencies. You take data input, be it someone's name, someone's date of birth, Social Security, essentially tries to link any information it can find from those people where they may have resided. It's a regularly used tool to try and locate where parties may be if you can't locate them in a subject property. Did your accurate search demonstrate that Mrs. Bradwell was deceased? It indicated that she may be deceased. So once you got that trigger, did anybody in your office go look at the clerk of the court website to see if a will had been probated or if a will had been filed? Well, I think there's a more complicated question than... No, it's a pretty simple question. Once you got the information that she might be deceased, it's like, oh, we better go find out if she is deceased. So wouldn't your first start with, you might start with an obituary search, but wouldn't your search also include the Cook County probate records? That's correct. A search would be ran first for an obituary and then of the Cook County... Well, if you ran an obituary, wouldn't you have found out who her heirs were? Did you run an obituary? I don't see one in the records. There's not one in the record. Typically, it wouldn't be filed. If we had gone to present our application and done a prove up with the court, it would have requested on the same, likely. But again, the trial court didn't even address that. It didn't ask what... You just told me that you checked the obituary.  And you told me that you did check for obituaries. At that point, you would have known, wow, this woman had 10 kids. That's only if the obituary... That presumes the fact that an obituary would have been obtained. One runs an obituary search, but one was not provided. Okay, so if an obituary search turned up nothing for whatever reason, then the next step is to go to the probate records and the clerk of the circuit court. And the probate records include that a will was filed. That becomes a public record. So how hard... I mean, I can't imagine why somebody didn't go over and get a copy of the will. Well, again, this is a two-part answer. First being, one, when the applicable notice serving period was and when searches were ran. This was, again, the initial petition in this case was filed in May of 2020. You're talking when COVID had set in. No, no, no. This is somebody's property right we're talking about. So if you're going to use COVID as an excuse, I'm going to have a little trouble with that because you're trying to parlay not going to find a copy of this will into something that may or may not be an excuse. The statute doesn't say unless there's COVID. It says you have to look at public records. But you didn't look at that public record and I'm concerned about that. Well, it's not that I didn't look at the public record. We have to get back to the issue of whether or not what Judge Garrow did is right or wrong. This is not... we're getting off track here. So what about... I'm sorry, Justice Smith. I do not believe we're getting off the track here. It's not an issue in the case. It is an issue in the case whether or not you check the public record to send out the proper notices. It's not what the decision was based on. Yes, it is. It was partly decided on the fact that they didn't give proper notice. All right, well, let's move on. You know, I have a question along similar lines. You know, I know I read in the record somewhere. I'm not exactly sure. But wasn't this person also an occupant of the property? This person you're referring to, the decedent? No, I'm referring to... is it Bardwell? So Roy Bardwell is the appellee. He is indicating that he has at all times resided in the property. His contention is that Henry Bardwell III was identified by the will provided by counsel in the objection as a successor executor to that will. But he resided in the property. So Henry did not? Correct. But were they both heirs at law? That is what counsel is contending, yes. Okay. I mean, separate and apart from any will, aren't they entitled to notice because they're heirs? Aren't they interested parties just by virtue of that? What if there's no will? Then who gets the property? You would have to pass by operation of law to the heirs, wouldn't it? Which is why we named it again. When it was perceived that Charlene Bardwell, the title holder of record, had passed away, an accurate search was ran and identified any possible heirs she may have. That's how it was obtained. It wasn't obtained through a will. And those individuals, seven of whom actually are identified in our application for tax deed, were attempted at service. So it was believed that any... Well, you just sent it to unknown heirs. You didn't send it to any identified parties, right? No, it went to unknown heirs and identified parties. Did it go to the two people that are in the will? Roy Bardwell, yes. Henry Bardwell III, no, as he didn't appear from the accurate search. But he is an heir. Yes, according to the will, he is. Well, he's her son, isn't he? I... Am I misremembering that? Who was the son? Was that Roy? They're 10 children. And was Henry one of the 10? I believe that's correct. Okay, so he was a son. Yes. And so that means he's an heir. Agreed. So not only is he in the will, but he's also an heir at law. Yes, Judge. Any... Well, let me ask this. The extended period that was entered, your argument is that they could go back without leave of court. That is correct. So once something is filed normally with the court, I thought our normal procedure was you had to get leave of court. So that's interpreting a petition for tax deed under 2230 of the code as essentially a pleading. So the reason the distinction matters is because the court of... And I stated at the onset of this proceedings that the court obtains jurisdiction through the county collector's application and judgment for the approval of the annual sale. That's what gave the court jurisdiction. Now, when it comes to a petition, a petition is simply a filing stating I intend on taking action for the filing of an application at a later point. And the petition, the only operative language in it is to include the date upon which redemption will expire. So the extension and the AJAX case, which we cite AJAX 318 LF 3rd 641, is fairly clear that until such time as the redemption period expires, that application doesn't need to take place. You would need to apply at that point, and there's a good basis for why. So 21385 of the property tax code allows you to extend the redemption period up to three years from the date of the sale. The sale in this case was in May 7th of 2018. Thus, you could extend through May 7th of 2021. A petition for tax deed was filed in May of 2020. No notices were then sent out because redemption at that point from that petition was in November 12th of 2020. Petitioner then came in, filed an extension with the county clerk, and then an amended petition extending the redemption date to March 10th of 2021. I think we all know what the facts are, but I'm troubled. You know, this is in keeping with, I think, Justice Smith's inquiry. You're trying to tell us that the filing of a petition in the Circuit Court of Cook County, which has inherent notice requirements, does not confer jurisdiction on the Circuit Court of Cook County? Rather, it's something that you file in the clerk's office? The petition itself just confers supplemental jurisdiction. The court gets jurisdiction from the county collector's application for the sale. So the court has jurisdiction without question. It obtains that jurisdiction through the application of the county collector, not through the petition for tax deed. Who controls a court date? The initial redemption period is set. I'm talking about when you file your petition. How do you get your court date to appear in court? On the filing, the county issues it. And who gives you the court date? The circuit clerk. So you're saying that the judge has no inherent ability to control his or her call? No, the judge absolutely does. The judge could refute the same. It is the circuit clerk assigns a date. The judge didn't themselves set that date, the circuit clerk did. Now, the operation of 21-385 demonstrates that notices or extensions, rather, are placed with the county clerk. The county clerk then reflects that in the judgment book, the annual judgment book, to reflect if somebody should come in and try and redeem the taxes. They will then look at the date that's there and know whether or not they have the ability at that point to redeem. Now, the reason that we require, or the section under 21-385 that requires an application to the court to amend an extent, is if redemption has expired. That's what triggers. If redemption has expired, let's say redemption expired September 12, 2020. If it had then expired and we went to then place an extension with the county clerk, the county clerk would see the expiration of redemption and would need a court order allowing the extension past that point. But that wasn't the case here. In this case, redemption was originally set at November 12, 2020. The extension was placed two months prior in September. Therefore, the leave wasn't necessary. Now, to the point that leave wasn't necessary, as an added precaution, and using the relation-backed Doctrine of 2616, New Line came in in February of 2022 and sought leave to file its amended petition with the court. What notice requirements are there once you file your petition? Once you file a petition for tax deed, you then have a three- to six-month window prior to redemption expiring. So, use the date we apply, which is March 10, 2021, as the final expiration date. That means December 10, 2020 through September 10, 2020 would have been a notice-serving period, where you then have to provide a 2210 notice to the Cook County Sheriff, as required by law, as required by the statute, to then go out. So, on the 2210 notice, you don't have to do that until you file your petition in court, right? That's correct. Okay, but every single time you extend your redemption date, once you file the petition in court, you've got to send new notice, right? Or wrong? I know. So, you file your petition in court, and then you extend the redemption date. You have an original redemption date, and you're required to send notice. If you extend that, do you have to send a new 2230 notice? 2230 is the petition itself. 2210 would be the take notice that reflects an abbreviation. Okay, so do you have to send new notice every time you extend the redemption period? No. So, if you extend once, because the only notice you're providing is the notice of the date upon which, and that's, I guess, the nuance of a property tax deed case, is that what you're providing is notice of the date upon which redemption will expire, and then a court date thereafter, where you may apply or rather try and obtain a tax deed. So, you're not saying, here's just a new court date. It's saying, here's the extension or whether when you can, when your deadline is to redeem. Right, but if you change the deadline, you have to send out a new notice, is my question. Yeah, sorry. Okay, that's actually clear. I apologize. You would need to provide notice, a take notice, to use the operative term. But that's only after a petition has been filed, right? Two factors, after a petition has been filed, and after the expiration of the period of redemption. So, in this case, for example, where they're getting all these different extensions, and forgive me, I'm not up on the lingo, but every time the redemption period date, whatever you want to call it, is extended, you've got to send, after a petition has been filed, you have to send a new notice. Is it 2230 or 2210? 2210. A new 2210 notice needs to go out every time that date is moved or extended, regardless of whether or not you do it before or after the expiration period, right? The take notice would only need to be provided with the operative expiration date. By file date, if you were to arguably, to use hypothetical, file a petition for tax deed on January 1, and then, be it via COVID or whatever basis your client wishes to extend further, they have you amend and extend February 1st. You would then only provide the take notices with that final expiration date, based upon the February filing. But every time you amend and extend, you need to send new notice. Only to the last extension, only on the last extension. In other words, the short answer is no. If a petition for tax deed in this scenario was filed January 1st, and then you amend and extend in February, setting a new redemption date that's further out, you would only be required to provide take notices based upon that final extension. It's very confusing to me. It's, it's, I can see why, why the people that practices in this area that this is a specialty. It's very nuanced. I agree, Judge. Any further questions, Aurelia? No, thank you, Justice Smith. All right, Mindy, you may proceed. Okay, good afternoon, Your Honors. I would like to first just hit the 21-385 statutory construction. The provisions on ambiguous terms provide that it's the amend and extend statute, and it's been that way in the 18 years I practiced in this division. And the bottom line is, is that if prior, if the petition for tax deed has been filed, these are the exact words, if a petition for tax deed has been filed under 2230 of the Property Tax Code, then upon application to the court, the court shall allow the purchaser to extend the period of redemption. The dispute in this case between New Line and my client, the Bardwells, is the term purchaser or his assignee to extend the period of time after expiration of the original period. New Line's argument is, is that you only have to file for leave of court to file an amended petition and extend redemption only when redemption has already expired and passed. Our argument is, is that 21-385's unambiguous terms state that it's any time that the petition is filed in the circuit court, meaning after a tax sale, you get a certificate of purchase. The court's not in play at this point. You can extend the original redemption with the clerk. You can do another extension with the clerk. But the minute you file that petition for tax deed and you set that three- to six-month window for the 2210, for the 2225, and for the 2220 notices that all require within the body of the notice the date the petition was filed, the date the redemption is set to expire, and also the date of the hearing. Okay, so the language in 21-385, the trial court was correct when he applied this language as written without aides of construction under statutory construction. He cited a bunch of cases in his transcript ruling because the provision is unambiguous and it says that when a petition for tax deed has been filed under 2230, the tax purchaser, upon application of the petitioner, the court shall allow the petitioner to extend their redemption. So in this particular case, the petitioner, New Line, filed their petition for tax deed in May of 2020. And the redemption was set to expire in November 2020. And the assignment call date given by the clerk of the circuit court and set by New Line when they filed their petition was 12-16-2020. After that, without leave of court, New Line extended redemption to March 10, 2021, or purported to, and filed their first amended petition in September 2020. Okay, then after that, the 2225 notice went out on 10-6-2020, and the point is the 2225 notice went out with the form notice that's required in all three of the notices. And the notice said that the hearing date was in March of 2021, but the docket shows otherwise. That hearing date was in December 16, 2020. And I bring this to your attention for two reasons, because it's important to understand that once you file that petition and that hearing date gets set in the clerk of the circuit court, you have to have the court to act to change that hearing date. Which they didn't, which is why all of their hearing dates are wrong, regardless of the outcome of your interpretation of 21-385. Because when you file the petition, the hearing date gets set, then if you leave, if you do what's proper, and you file a motion to amend and extend with the court, and the court grants it, in that order granting your leave to file your amended petition, the court directs the county clerk in the order to extend redemption, and the court changes that hearing date, which is in the public record. This is why you have to file upon application of the court, because the legislative intent when this was amended in 1970 was to take the burden of the county clerk to ascertain, was a petition filed? Was an amended petition filed? Should we do this? It took it away from the county clerk and put it square with where it should be, the court, who has the power and authority to control that docket. And so, for the first argument, it is de novo, but on the 21-385, I want to address quickly that jurisdiction is beside the point. That's our red herring. First of all, no one argued in this case that the court didn't have jurisdiction, nor would we, because the jurisdiction is conferred at the application of the order confirming the sale. It's NREM jurisdiction over the property. The point being is, is that after the sale, the certificate of purchase is issued to a tax purchaser. The court's not involved. There's not a court case. So, for anything that the tax purchaser wants to do under the certificate before a petition is filed, they have to do within the confines of the property tax code regulation scheme, meaning they can file a notice of extension. But the minute they file that petition with the court, the case number is assigned, okay? The NREM jurisdiction is beside the point. You're now under the specific procedural mechanisms of the property tax code, which the AJAX case, which we argued in our brief, they waived, but they continue to argue it. So, let's just point out that in the AJAX case, the court even said that 21-385 provides the procedural court intervention, because those are the plain and ordinary terms of the statute. It's upon application to the court. You're granted authority to file your amended petition, and yes, Justice Conklin, when you file a petition, it's right within the statutory provision that you have to reissue not just the 2210, but also the 2225 notices. You have to reissue those notices, because by court order, you're changing the redemption date. You're changing the hearing date. They didn't change the hearing date in the docket in this case, but you're changing these dates, and you're also changing the date the petition's filed. And all three of those are right in the form notice, the date it's filed, the last day to redeem, and your hearing date. So, the 21-885, they failed to comply with this, and they took matters into their own hand, and now what you have is the effect of that in the messed up record, right? Because the TAX purchaser ignored this provision, didn't go to the circuit court, took matters into its own hands, and now what do you have? You have their 2210, 2225, and 2220 notices all say the wrong hearing date, because they don't say December 2020. Because when they filed their petition, that hearing date got set in the docket, and because they didn't go in front of the court to amend and extend, it was never changed. And so, that's Dream Sites, page 26 of our brief. We cited it. Aside from all of that, their notices fail to strictly comply because they have an incorrect hearing date. So, the 21-385 argument from Judge Carroll's position wise is that this is an unambiguous statute. It requires you make application to the court. They fail to do so, and because they fail to do so, it was not properly extended, validly extended, and that their notices now are all fatally defective and fail to strictly comply, and he ruled that way. Now, as for the due diligence argument for failure to ascertain Henry Bardwell, who is the son of the late Charlene Bardwell, and Roy lives at the property, and it was never argued that Henry did. I just want to make sure that's clear. Henry did not reside there. Roy did. But Henry was listed in the public docket in what Judge Carroll said, and he, I feel, made it perfectly clear, and this is at the record 51 through 52. Judge Carroll specifically said that New Line had a basis to know that Charlene Bardwell was deceased when it sought to serve the heirs and legatees at the property address. Now, during the hearing prior to Judge Carroll's ruling, Mr. Hughes for New Line admitted that they ran an accurate search. When you run an accurate search, you can do it one of two ways. You can put someone's name in accurate, or you can just put a property address in accurate, or three. I guess you could do both, but the point being is if you just put in a property address, anyone affiliated with the property address will show up. If you put someone's name in, then they're going to show all the addresses that person ever resided at. If someone is deceased, it's a big red D, and D.O.B. shows up on the accurate report. Now, at the hearing in this record transcript, the first hearing, Mr. Hughes advised the court that he had learned Charlene Bardwell was deceased through his accurate search. Judge Carroll, back to page R52 in his ruling, said that they had a basis to know Charlene was deceased, and that New Line argued that since no probate estate was ever opened, and because he could not find the will to be legible, they conducted a diligent inquiry, and the trial court specifically found that in its view, in the court's view, New Line had a duty to look beyond its limited inquiry. They conducted because they were put on notice of Charlene Bardwell's death. And he cited Homeside Lending versus Midwest, and he said to look only whether a probate estate was open is only half of a diligent inquiry that would be required under the facts and circumstances of this case. Okay, so he found, therefore, that they had not complied with 21385 of the property tax code or with 2210 through 2220, excuse me, 40 of the property tax code, and also did not conduct a diligent inquiry to determine all interested parties. And I want to make that clear because that was a big point on that second argument of diligence was, is that it was undisputed that New Line was put on notice and knew by serving the heirs and legatees, they knew Charlene Bardwell was not alive. And so when they're briefing before this court, when they argue to this court and say, Oh, no, we serve Charlene Bardwell in our individual capacity, that's not really being completely forthright with your honors. Because serving someone that you believe to be deceased is ridiculous, in my opinion, if I believe you to be deceased, then I'm not going to take service to you and your individual capacity to be diligently compliant with the notice serving provisions. So this will, what's in this record, it's not hard to do is just as Paczynski pointed out, it's a one second search can either go to the old fashioned online case search or the new or you can actually go to the clerk of the circuit court. The local records act shows that are puts forth that these are public records. In particular, as Judge Carroll found that when you are put on notice that someone's deceased and whether as New Line wants to put it on this bill may have been, may have been not. They're splitting hairs. The point is they had a duty to go in there. That's a part of the public record. Those names were in there. And regardless whether that will was probated or not, they were heirs. They're interested parties, according to the property tax code and were entitled to notice. I state that because in their reply brief, New Line cited two cases that were not placed in their appellate brief. Let's end this. We're going on forever. Are you, I think you've given us your, your situation. Any questions. Yes, I have a question, regardless of whether the will is probated or not, anybody in the world can go in to the clerk's office and take a look at it if they want to. It's true. Yes, you can. And the law requires you to check all public information. Anything in the public record. Correct. Thank you. Any further questions. All right. Go ahead. You may go ahead. Oh, me. No. Oh, yes. Just one point your arms. With regards to accessing the will that anyone can just go in and pull a copy of will that is not in fact the case, especially it will that in this case with data back in 1995, you cannot simply go in and request the clerk. I'd like to see this will it. I understand, Justice, but just he said that, well, it's readily available you can access or you can view the same by one click of a button the problem is to actually access the will. I just want to correct you must use. I did not say you could see the will by clicking a button, I said you could find out that there was a will by clicking the button with the clerk of this court circuit court certainly has a process by which even by now, even during COVID, you can request a copy of a document with the pay for it, but you can request it. Thank you. Further. Just one distinction based on what justice agency just stated, and thank you for correcting me. The ability to go and request a will. And then the timeline which which it may take to obtain the same. What has to recognize the strict time constraints under the property tax code as well, give me three to six months. You bought this property in 2018. You didn't have plenty of time to do this search. I know that it's real convenient to wait until closer to the expiration date of the redemption period. You bought it in 2018. Before COVID, you have plenty of time to do this. All right, I don't need any arguments here are we done. All right. Thank you for your presentations. This is one of the muddiest areas of the law I've ever seen. But we'll do our best to get through it. And thank you very much. Thank you. Thank you.